UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ADRIENNE WHEELER,

             Plaintiff,

   -against-

THE CITY OF NEW YORK, a municipal entity, NEW YORK CITY POICE OFFICER ASSISTANT CHIEF BRUCE SMOLKA, individually and in his official capacity, NEW YORK CITY POLICE OFFICER LIEUTENANT JOSEPH CANECO, individually and in his official capacity,

             Defendants.

------------------------------------------------------------------------ x

**ANSWER**

07-CV-3999 (LBS)

**JURY TRIAL DEMANDED**

    Defendants City of New York, Bruce Smolka and Joseph Caneco, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for their answer to the Complaint, respectfully allege, upon information and belief, as follows:

    1.  Deny the allegations set forth in paragraph "1" of the Complaint except admit that plaintiff purports to seek relief as stated therein.

    2.  Deny the allegations set forth in paragraph "2" of the Complaint.

    3.  Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to seek relief as stated therein.

    4.  Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to invoke this Court's jurisdiction as stated therein.

    5.  The allegations of paragraph "5" of the Complaint set forth conclusions of law to which no response is required; to the extent a response may be required, deny all such allegations.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiff purports to invoke this Court's jurisdiction as stated therein.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admits that plaintiff purports to lay venue in this district.

8. Admit that plaintiff demands trial by jury.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York, and that it maintains a police department.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that Bruce Smolka was formerly employed as an Assistant Chief by the New York City Police Department ("NYPD").

12. Deny the allegations set forth in paragraph "12" of the Complaint, except admit that Joseph Caneco is employed by the NYPD.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that in or about February, 2006, defendants Smolka and Caneco were employed by the City of New York.

14. The allegations of paragraph "14" of the Complaint set forth conclusions of law to which no response is required; to the extent a response may be required, deny all such allegations.

15. The allegations of paragraph "15" of the Complaint set forth conclusions of law to which no response is required; to the extent a response may be required, deny all such allegations.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint, except admit that plaintiff was issued a summons.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

## **PLAINTIFF'S FEDERAL CLAIMS**

27. Repeat and reallege each and every response to paragraphs "1" through "26" of the Complaint, as though fully set forth herein.

28. Deny the allegations set forth in paragraph "28" of the Complaint, including all subparts.

29. Deny the allegations set forth in the paragraph denominated "39" of the Complaint.

## PLAINTIFF'S STATE LAW CLAIMS

30. Repeat and reallege each and every response set forth in paragraphs "1" through "29," above.

31. Deny the allegations set forth in the paragraph denominated "32" of the Complaint, except admit that the Comptroller's Office received plaintiff's purported notice of claim on or about April 20, 2006, and that plaintiff appeared for a hearing pursuant to Section 50-h of the General Municipal Law on or about June 26, 2006.

32. Deny the allegations set forth in the paragraph denominated "33" of the Complaint.

33. Deny the allegations set forth in the paragraph denominated "34" of the Complaint.

34. Deny the allegations set forth in the paragraph denominated "35" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

35. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

36. Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

### THIRD AFFIRMATIVE DEFENSE

37. At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York has governmental immunity from liability.

### FOURTH AFFIRMATIVE DEFENSE

38. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of any defendant.

### FIFTH AFFIRMATIVE DEFENSE

39. Plaintiff has failed to comply with the conditions precedent to suit.

### SIXTH AFFIRMATIVE DEFENSE

40. Punitive damages may not be recovered against the City of New York.

### SEVENTH AFFIRMATIVE DEFENSE

41. There was probable cause for plaintiff's arrest.

### EIGHTH AFFIRMATIVE DEFENSE

42. None of the defendants violated any clearly established constitutional right of which a reasonable person would have known, and therefore, said defendants are protected from liability by qualified immunity.

**WHEREFORE,** defendants City of New York, Bruce Smolka and Joseph Caneco request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 24, 2007

      MICHAEL A. CARDOZO
      Corporation Counsel of the
        City of New York
      *Attorney for Defendants*
      100 Church Street
      New York, New York 10007
      (212) 788-1599

By:     /s/
      Arthur G. Larkin (AL 9059)
      Assistant Corporation Counsel

TO: BELDOCK, LEVINE & HOFFMAN, LLP
*Attorneys for Plaintiff*
99 Park Avenue, Suite 1600
New York, New York 10016
(212) 490-0400
(by ECF)

07-CV-3999 (LBS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADRIENNE WHEELER,

                                                    Plaintiff,

-against-

THE CITY OF NEW YORK, a municipal entity, NEW YORK CITY POICE OFFICER ASSISTANT CHIEF BRUCE SMOLKA, individually and in his official capacity, NEW YORK CITY POLICE OFFICER LIEUTENANT JOSEPH CANECO, individually and in his official capacity,

                                                    Defendants.

**ANSWER**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 3-193*
*New York, N.Y.  10007*

*Of Counsel:  Arthur G. Larkin*

*NYCLIS No. 2007-017255*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ......................................................, 200......*

*............................................................................... Esq.*

*Attorney for............................................................................*

7